Good morning, Your Honors. Matt Campbell from the Federal Defenders of Eastern Washington and Idaho on behalf of Mr. Bainbridge, and I will be attempting to reserve three minutes for rebuttal. In general, conditions of supervised release are set forth in a judgment which is issued at the time the defendant is sentenced. This Court has made it clear that those conditions are part of a sentence. In this appeal, the government essentially argues that the conditions of release can be altered at any time for largely any reason or no reason whatsoever. Doing so would render the judgment and the supervised release conditions contained therein largely irrelevant and temporary. As I understand it, Judge Lodge's order at this point is simply to have your client undergo a sexual evaluation now that he has been released from incarceration and is on supervised release to determine what type of a treatment plan should be formulated. Is that correct? That is correct, Your Honor. Initially, the probation department, which at the sentencing had not asked for any special conditions, came forward and asked for what I would call the general sex offender conditions, which included an evaluation, follow-up treatment, but a host of other conditions. And had the district court done that, would you have any objection to ordering him to proceed with that evaluation now? Are we dealing with a timing issue? The district court should have done it at the time the sentence was originally imposed or 96 months later after he's released from incarceration? The best answer I can give is I think we would have a different issue, certainly procedurally, if at the time of sentencing the court had ordered a sex offender evaluation and then we were appealing directly from that order. I think that would be a different issue, and that, I believe, would be evaluated under an abuse of discretion standard at that time. Well, why isn't an abuse of discretion now for the district court to say, look, an evaluation 96 months ago, or I guess it's less than 96 because he hasn't served the full 96, but many years ago, would not have been as meaningful as an evaluation now to determine whether he's still a threat to the community or is in need of treatment. Understood. I think primarily the issue is can the district court modify the conditions for no reason whatsoever? Because what we know is at the time of sentencing, Judge Lodge explicitly stated, I am not going to order any sex offender conditions other than registration. That was the finding that was made, and that was made part of the judgment. And as we know, judgments are, in essence, I don't want to say completely permanent, but they're final, absent some sort of mandate from this court or some other rule or statute that allows their modification. In this case, our argument is that 3583 and Rule 32.1 do allow for modification. However, they require some sort of change in circumstance, and that comes from Rule 32.1 and advisory commentary. You're relying on the commentary to the rule, not the rule itself, correct? Correct. It doesn't state that in the rule. It states it in the commentary. The commentary does not have the force and effect of the rule, which essentially has the force and effect of law once the Supreme Court sends it to Congress, and Congress makes no change to the rule the Supreme Court has approved. Correct. However, this court in the Miller case, which subsequently was relied on in the Gross case, went into a certain amount of discussion stating that the conditions could be modified upon a change in circumstance or a recognition of differences in treatment. Well, isn't there, isn't it a change in circumstance to be released from prison and placed into the community under supervision? Respectfully, I think the answer is no, in that at the time that he was sentenced, he was only sentenced to 96 months, so the court clearly knew that he was going to be released into the community. So if we look at the Miller case, which then cites the, I believe it's Lucier case out of the Second Circuit, that case in particular engaged in a several-page discussion about the necessity of a change in circumstance. So I think this court's jurisprudence in adopting essentially Lucier has said there has to be a change in circumstance, and the record is clear in this case that there really have been none. Did Mr. Bainbridge take advantage of any of the in-prison treatment programs for sex offenders? Do we know? The record is silenized to that, Your Honor. Yes, to that. So we don't, I mean, the problem that concerns me is the original offense of conviction involved a very brutal kidnapping and assault on a vulnerable victim. Agreed. What guarantee do we have that he's not going to re-offend, given the nature of the conduct that sent him to prison in the first place? Your Honor, I think what we're left with is to rely on the findings the district court made at the time of sentencing. The district court explicitly made the finding and went on for, I think, four or five pages as to what conditions would be implemented and what wouldn't. The district court had all the information about the circumstances of the offense. It was well detailed in the PSR. Well, there isn't a finding that notwithstanding all these horrible facts, I don't see a need for any further sex offender treatment or supervision, is there? The court specifically stated on the record, I am not going to order any of the other conditions. The only thing I'm going to require you to do is register as a sex offender as a condition of supervised release. That gets back to my earlier question of had the court instead included what we all know is a standard condition for sex offenders of an evaluation on supervised release at that time, then you would have had a hard time convincing us it was an abuse of discretion had you challenged it on direct appeal from the sentence. I would agree. The posture of the appeal would be completely different. This case really does come down to timing. The district court should have done it, could have done it then. You probably would have lost on an abuse of discretion appeal. Ninety-six months later, Judge Lodge can't do it because he forgot to do it when he sentenced the guy, and sorry, you can't challenge it under 2255, Rule 35, or direct appeal because that time has passed. I think respectfully what it really comes down to is statutory interpretation and the finality of judgments. The finality of judgments is relatively clear. Absent a mandate from this court or absent an authorizing statute, and our position is that the court has already interpreted these rules and statutes to require a change in circumstance, and there is none here. But Miller didn't. I don't think you can cite Miller for a change of circumstance as a requirement for further district court discretion in changing the conditions of supervised release. It was Miller who brought up a change of circumstance as to the $3,000 fine that he couldn't pay it, and the court said given that change of circumstance, it ought to be reviewed again. But there's nothing in the language of Miller or Gross which says that a change of circumstance is a requirement to the exercise of the discretion which the court has under 3583E. Is there? Your Honor, I agree that Miller does not explicitly say if not this, then none. However, I think the discussion in Miller is strongly persuasive as well as its cite to the Lussier case and the lengthy quotation from Lussier as well as the Trust case that all seem to state or sort of accept that a change in circumstance is determinative. So while I agree with your observation. I do accept your reading of Miller, and wouldn't we then be in conflict with the Eighth and the Tenth Circuits? Your Honor, respectfully, I think that we're going to end up with a split in the circuits either way because Lussier is very clear that it's requiring a change in circumstance. So there's going to be a circuit split regardless of how the court rules on this. I'd like to reserve my time unless there are other questions. I'll give you a little more time. This is, I think, an issue that is likely to recur if we don't resolve it. Under 3553A, I'm looking at the factors that the district court must consider when it imposes a sentence. It talks about providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Doesn't the district court, as a part of supervised release, have the authority to assess during the period of supervised release whether there's some additional treatment or corrective care that he needs? Your Honor, I think, again, we would agree that the district court does have discretion to modify conditions. However, if we simply allow the district court to modify conditions anytime based on no new facts, then what we're essentially doing is rendering the initial judgment that lists the conditions to be a nullity for all intents and purposes. And presumably that rule will allow both the government and the defendant at any time for any reason to come before the court and say, I don't like these conditions. Now, there are some cases that have held that illegality is not sufficient under 3583 referring to 3553. But the problem then becomes all a defendant has to do is say, I'm not that kind of person, and they'll be able to bring these challenges. So if that were the rule, I think most defense attorneys would advise their clients bring a motion to modify once a month. Well, clearly, if the probation officer prepared a violation report during the period of supervised release and the district court ordered a hearing because the probation officer thought that the person under supervision had engaged in some misconduct, the defendant would be allowed to challenge whatever the grounds were that the probation officer was alleging had been violated. Here, it seems to me that what the court is doing is trying to determine whether there's any additional treatment that needs to be ordered in order to see to it that he successfully completes supervised release. And if we hold that the district court is powerless to do that, then the only thing that we can do is wait until he violates and we have a violation report in front of us. Your Honor, respectfully, I don't think we would necessarily have to wait until someone violates, and there is case law that's been cited talking about the difference between a violation and simply a change in circumstance. For example, if the probation officer had evidence that a person was, in this case, say, being overtly sexual in ways that are not appropriate but aren't a violation of conditions, then perhaps that might very well be a change in circumstance that would require it. Here, the only fact that's cited anywhere is that the probation asked the defendant to not observe Halloween during the several weeks that he was out, and the defendant did that. So if anything, the only change in circumstance is that he's doing exactly what he's supposed to do, even observing conditions that aren't present. The only thing he doesn't want to do is to voluntarily agree to an evaluation. He's refused to do that. The probation officer said, I'd like to get you evaluated, and he said, no, I'm not going to do it. Well, probation said, we'd like you to do evaluation, follow-up treatment, not be around children, not work in certain places. I mean, they went through the whole list. He objected to that. This was a secondary statement. But I think it's also reasonable. Sex offender evaluations are not simply a 10-question multiple choice. Yeah, they're very intrusive. They are. I'll let you have something on rebuttal. Let's hear from the government. Ms. Hargrove? May it please the Court, Serena Case Hargrove for the United States. Ms. Case Hargrove, there's a question that's in the back of my mind that you might be able to handle. In the sexual evaluation interview, one of the conditions of the sexual evaluation interview is that he answer questions as to his past. Yes, Your Honor. And that would, it might include questions asking him whether he has indeed committed other sexual offenses in the past, which are still alive for purposes of the statute of limitations. So he would be asking, he would be asked to incriminate himself. Wouldn't that be a violation of his Fifth Amendment rights? Your Honor, although that is... Tell him to answer those questions as a condition of probation. Your Honor, although that is not an issue that's been raised here on appeal, I know that is a very pressing topic and one that the Court has addressed. And I've just been reviewing the standards for these evaluations in preparation for this, and it's interesting because the American Society for the Treatment of Sexual Abusers makes a very clear point that they cannot and do not attempt to establish whether someone has actually committed any crimes. They do ask questions, though, and you're absolutely correct, that might be incriminating. Now, he can also exercise his Fifth Amendment rights to the questioner. That's correct, Your Honor. So you wouldn't have any problem with a sexual evaluation examination, which preserved his Fifth Amendment rights? We would not, Your Honor. Your Honors, in United States v. King, the Ninth Circuit held very clearly that when a modification of terms of supervised release is proposed, not a revocation but a modification, no evidentiary hearing is required and no findings are required. So United States v. King controls this case up to a certain point. It makes that distinction between revocation and between modification. And that distinction is borne out by both the statute and the rules. Section 3583E in the paragraph dealing with modification, which is the issue here, only requires the court to consider the non-punitive 3553A factors before deciding whether to modify. In the very next paragraph of that subsection, Congress required significantly more to allow for a revocation. In that case, Congress prescribed a specific evidentiary standard, a preponderance of the evidence, and required that a violation be proved. So the statute and Ninth Circuit case law in King explains that in a modification circumstance like this, no change of circumstances must be proved. There needs to be no evidentiary hearing and no change needs to be proved. Now, the defendant has argued that somehow the probation officer erred by not pleading a change. And there is no rule requiring that kind of specificity in the probation officer's position. But you handle Mr. Campbell's position that if that was a rule, then each inmate would move monthly to say, I want a modification because I'm a better person. Your Honor, and it's interesting because this statute and the rule allows defendants to move for modifications as well. And I haven't found anything that would limit them from doing that. Similarly, probation officers could do that every week if they wanted to and courts could consider it. But given their incredibly busy dockets and courts' incredibly busy dockets, I think that's very unlikely to happen. I also think a defendant wouldn't find themselves viewed very favorably by the court if they took the court's time that way. But this statute does work in the defendant's favor frequently as well because, as in Miller, the defendant may petition for a change. And I'd just like to note... Let me just make sure I've got your point here. So under 3583E2, the statute simply says that the court is empowered to modify, reduce, or enlarge the conditions of supervised release at any time prior to expiration or termination of the term of supervised release. And it doesn't say anything about unchanged circumstances. That's correct, Your Honor. And as I understand Ms. Campbell's argument, well, it does cross-reference to pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modifications. But as I read those rules, they only provide essentially due process procedures that must be followed before the modification can be imposed. That's exactly correct, Your Honor. Yes. What defendant is doing is taking advisory committee notes to that rule, which explain the motivation for the flexibility afforded to district courts while they supervise their defendants on supervised release. And it really is the district court that has this trust relationship. The Ninth Circuit has made that clear in Gross and a number of other cases. And so Congress chose to afford a great deal of flexibility to district courts, and the motivation for that is because circumstances change. Defendants change. The field of psychology changes. We learn new things. Technology changes. And we want courts and probation officers to be able to take advantage of changes and do the most effective jobs they can do. What defendant is doing is taking the motivation for that flexibility and trying to turn it into a requirement. And King simply doesn't allow that. King has already held that the court does not need to hold an evidentiary hearing and the court does not need to make any findings for a modification. Nowhere in the statute is there anything suggesting that the probation officer has to plead certain things in the petition either. Is there any indication in the record as to why Judge Lodge did not impose these conditions at the time he imposed the sentence? Your Honor, it's odd. No, there isn't. And Judge Lodge said at the time that he imposed the sentence that he was going to require that the defendant register as a sex offender, but he wasn't at that time going to impose those other conditions. He specifically noted immediately thereafter, however, that he would revisit that if probation petitioned. And that's what happened here, probation petitioned. That's precisely what happened here, exactly. So the defendant, I mean, not only is that the law, but the court gave the defendant fair warning of that possibility, and that is indeed just what happened. And the court really took a middle course here, which is what the government had recommended, which was an evaluation first before ordering the other conditions. Do you disagree with Mr. Campbell that regardless of how we decide, there will be a circuit split? No, Your Honor, I don't. I don't. Miller and Lucier? I mean, you agree with them or you disagree with them? I disagree with them. There will be no circuit split. The government recommends that the court follow the Eighth and the Tenth Circuits. And the other circuit decision, Lucier, that Mr. Campbell refers to, and also Miller, the Ninth Circuit decision, they dealt with situations where proof of a change of circumstances had been offered. And this is an interesting point. There is nothing wrong with offering proof of a change of circumstances, and frequently it will behoove a defendant to do that, and even the government to do that at times. It's a bit akin to motive in a murder case. Motive isn't an element. You don't have to prove motive. But there are some very good reasons that prosecutors would introduce evidence of motive in a murder case. There are some very good reasons that in certain circumstances, certainly a defendant and even the government would introduce evidence of a change of circumstances. For example, if the court had just imposed sentence and the probation officer was coming forward saying, oh, we want a change, it would behoove the probation officer to explain why, to explain why what it recommended a few weeks ago is different now. Here, though, we have seven years in between those times, so we can presume that a great deal had changed at that point. Your Honor, if there are no further questions, the government would simply request that the court affirm and adopt the reasoning of the Tenth Circuit in Big A. Thank you. Thank you. Mr. Campbell. Thank you, Your Honor. It's very briefly. To pick up on the Lussier issue, if we look at Lussier at page 36, it says, Lussier's Huey-based challenge, endeavoring to dispute the legality of the restitution order, does not involve change circumstances or affect in any way general punishment aims. The district court could not rely on it. I do think there will be a circuit split regardless of how this court comes out, and Lussier makes that clear. The statement that Judge Lodge made that this could be revisited, he did say that. However, that doesn't, if we're correct in our statutory interpretation, and based on Miller and the other cases, Judge Lodge doesn't have the authority to modify the statute. So I don't see how that comment really changes the statutory analysis in any way. Well, that would clearly be true if he said, I'm giving you 96 months, but I'll revisit that in two years and see how you're doing at that time. The law is pretty clear that the district court cannot change the term of incarceration. But what is your response to the argument under E2? I mean, are you basically relying on the advisory committee note to Rule 32.1 as your comeback to Ms. Hargroves? I think in regard to E2, to some extent we can do the analysis of going from 3583 to 53 to 32.1 in the advisory committee notes. To another extent, we can go to the case law that we've already cited, Miller, Lussier, and the like. And thirdly, I think we would point to the rules that a judgment cannot be altered as a general rule absent specific authorization. And again, if we go back to 3583. But this is the statute that authorizes the alteration, does it not? It essentially authorizes a modification of the judgment as it relates to the conditions of supervised relief. The statute does on its face allow that. But we would say that the statute has been interpreted, at least in Miller, Gross, and Lussier, to at least strongly suggest, and I would say require, a change in circumstance. Certainly when we read Lussier as cited by this court. I do think that I understand the government's point that no hearings are required in a modification as opposed to a revocation. However, the fact that no hearings are required doesn't necessarily mean that the statute itself doesn't require that change in circumstance. And Your Honor had referenced due process. I think it's important to remember that in looking at due process, we're talking about due process in modifying a judgment that was otherwise considered final. Well, I think as I read the rule, it's basically procedural due process as to how the district court accomplishes the modification. And we've got a case that says an evidentiary hearing is not required, that apparently it can be done on the papers, but the defendant has to have notice. If necessary, he gets counsel. Correct. He has an opportunity to submit whatever he wants to the district court to consider before the court makes a decision. Those are all procedural protections. But it seems to me you're making a substantive due process argument that there must also be proof of changed circumstances. Respectfully, I don't think that's necessarily a substantive argument. I think it's a procedural argument in what needs to be alleged in order to justify a modification, or alternatively what needs to be alleged that would allow the district court to revisit an otherwise final judgment. But not alleged. Alleged and proved. So you have to have a hearing. Or at least submission of evidence. I would say some sort of allegation. I think that the standard. Allegations are in the complaint. Proof is presented to the court, either by affidavits on motion of summary judgment or by testimony at trial. So your position is not only the allegation of changed circumstances, but some evidence of changed circumstances is a procedural due process requirement in order to change the conditions of probation. Perhaps it's the word evidence that's frightening me a little bit in the sense that I think we've got certainly a relaxed standard of evidence. So the evidence that would have to be submitted would not necessarily be, hearsay could be admitted or the like. So if a probation officer submitted a report that said, I observed the following when the defendant came into my office, then that might very well suffice where it wouldn't necessarily with a revocation. So I think that's an important qualification. It could probably go on forever. Well, no, I appreciate the argument. Unless the panel has anything further, I congratulate you both on a fine argument, and we'll get you an answer as soon as we can. Thank you, Your Honor. All right, the case is targeted and submitted.
judges: O'connor, Tallman, Bea